————o————

No. 3493.

(Court of Appeal, Parish of Orleans.)

JOHN R. HOWAT vs, HUGH HOWAT.

Questions of fact only are involved in this case.

Appeal from Civil District Court, Divisions E and C.

M. M. Boatner, for plaintiff and appellee.

J. N. Ogden, for defendant and appellant.

MOORE, J. From a judgment against him in the sum of $1390.00 with legal interest thereon from Sept. 13, 1901, and maintainance of the attachment sued out, the defendant appeals.

His contention here is that the facts did not warrant the issuance of the writ of attachment and that forasmuch as one of the items going to make up the aggregate sum of the alleged indebtedness exceeded five hundred dollars, it must be proved up by at least one witness and corroborating circumstances which was not the case here.

On the attachment the case is overwhelmingly with the plaintiff, and conclusively establishes the fact that the defendant was mortgaging, assigning and disposing of his property in order to give an unfair preference to all his creditors, save and except the plaintiff whom defendant does not hesitate to say he did not intend to pay. His reasons for this is that he says he does not consider that he owes plaintiff anything. In the opinion of the lower judge, and in ours, he does owe the plaintiff; and, as the statute authorizes an attachment whenever the debtor is disposing of his property for the purpose of defeating the just claim of his creditor, the judgment maintaining the writ will be maintained.

Nor is there any merit in the contention that the $1000.00 item has not been proven by at least one witness and corroborating cir-

281

cumstances. This item is in reference to two certain bonds of the New Orleans Railroad Company of $500.00 each, alleged to have been loaned by the plaintiff to the defendant and not returned, and for the value of which plaintiff seeks judgment against the defendant.

The loan of these bonds is testified to by the plaintiff. He recites all the facts connected with the circumstance of the loan. They were to be used by the defendant as collateral security with the Jackson Brewery to secure the defendant's account with the Brewery and were to be returned to plaintiff within a fixed period, which period was extended from time to time. Subsequently a similar bond of $500.00 was loaned the defendant and for a similar purpose. It was then agreed that all those bonds would be redeemed and returned to plaintiff by the 15 Sept., 1901.

They were not returned.

As to the loan of the two bonds first stated the Secretary of the Brewing company testifies that about the time stated by the plaintiff that he loaned these bonds to the defendant, the latter brought to him two bonds of the identical character and amount as these described by the plaintiff and pledged them with the Brewing Company to secure a note of $1,200.

As to the second loan William P. Ford testifies that he delivered the bond to the defendant at the request of the plaintiff. The defendant made no effort whatever to contradict the plaintiff's testimony. Our esteemed brother considered all these sufficient corroborating circumstances and so do we.

Appellee in answer to the appeal prays for damages for a frivolous appeal. We are not prepared to say that the appeal was not taken in good faith and was taken for the simple purpose of delay.

The demand for damages will be rejected but the judgment appealed from will be, and is hereby affirmed.